UNITED STATES v. WILCOX et al.

(District Court, D. Rhode Island. July 23, 1917.)

1. CONSPIRACY &wkey;43(6)—INDICTMENT—SUFFICIENCY.

In an indictment for conspiring to injure, oppress, threaten or intimidate a voter in the free exercise of his right of voting for representative in Congress, in violation of Cr. Code, § 19 (Act March 4, 1909, c. 321, 35 Stat. 1092 [Comp. St. 1916, § 10183]), an allegation that it was proposed to do this by peremptorily ordering, requiring, and directing him to vote for a particular candidate was without substance and of no legal effect, as peremptorily ordering, requiring, and directing, does not amount to intimidation, nor does it injure, oppress, or threaten.

2. CONSPIRACY &wkey;43(6)—INDICTMENT—SUFFICIENCY.

An allegation that it was proposed to accomplish the purpose of such conspiracy by threatening to cause one of the defendants to withdraw his custom and trade from such voter unless he would vote as directed was insufficient, in the absence of any allegations giving weight or value to such efforts or to such defendant's trade or custom, or to show any probability that the threats alleged would produce coercion.

3. CONSPIRACY &wkey;27—CONSPIRACY TO INTIMIDATE VOTER—OVERT ACTS.

A threat by one of the defendants to withdraw his trade and custom from the voter unless he worked for a particular ticket was his individual act, and not an overt act in execution of the alleged conspiracy punishable under Cr. Code, § 19.

Henry C. Wilcox and others were indicted for conspiracy. On demurrers to the indictment. Demurrers sustained.

Harvey A. Baker, U. S. Atty., of Providence, R. I.
Wilson, Gardner & Churchill, of Providence, R. I., for defendants.

BROWN, District Judge. The demurrers raise the question whether the indictment sufficiently charges a conspiracy to violate section 19 of the Criminal Code, and more specifically whether it properly charges that the defendants did "conspire to injure, oppress, threaten, or intimidate" one Adelbert A. Martin in the free exercise and enjoyment of the right of voting freely for a candidate for representative in Congress. The proposed means to this end are set forth as follows:

"By peremptorily ordering, requiring and directing said citizen to vote for one Roswell B. Burchard for representative in said Congress at said election at all events, and without reference to whether said Roswell B. Burchard was the candidate of his, the said Adelbert A. Martin's choice for representative in said Congress, and to threaten to use their efforts to cause one John McCarthy, who was a principal customer of said Adelbert A. Martin in connection with his, the said Adelbert A. Martin's, business of supplying poultry to hotel keepers and others, to withdraw his custom and trade from said Adelbert A. Martin unless he would so vote for said Roswell B. Burchard, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

[1, 2] "Peremptorily ordering, requiring and directing" does not amount to intimidation; nor does it "injure, oppress or threaten." These words are without substance and are of no legal effect.

&wkey;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

243 F.—63

"* * * To threaten to use their efforts to cause one John McCarthy * * * to withdraw his custom and trade from said Adelbert A. Martin unless he would so vote for said Roswell B. Burchard," etc.

—does not amount to a charge of a conspiracy to make direct threats of a loss of custom, but merely of a conspiracy to make threats to use their efforts to cause John McCarthy to withdraw his custom.

We have then a conspiracy to threaten—to use efforts to cause— John McCarthy to withdraw custom. But John McCarthy, one of the defendants, as is stated on the brief of the United States, is the same John McCarthy upon whom efforts are to be made. As to this defendant, the present case is a case of primary impression; for John is charged with conspiracy to threaten, to use efforts, to cause, John (i. e., himself) to withdraw his own custom. If John were to threaten the voter that he (John) would use his own efforts to cause himself to withdraw his custom, this would make the withdrawal conditional upon John's making up his own mind, and detract much from the menace, even if it were also threatened that the other conspirators would unite with their efforts to cause John, John's own efforts to cause himself to withdraw his custom from the voter.

[3] Though section 19 does not require it, the second count contains allegations of overt acts. One of these is that John McCarthy said to the voter that unless he worked for the ticket on which Burchard was a candidate for representative in Congress, etc., McCarthy would withdraw his trade and custom. This individual act of John McCarthy's, however, does not fall within the federal statutes, and cannot be brought within section 19 of the Criminal Code, to make a case of federal jurisdiction upon the theory that the scheme or plan which preceded it was shared with one or more other persons. John's threat as set forth as an overt act was a direct threat of the withdrawal of custom. His intention to do what he did is a presumption of law. The conspiracy charged is merely to threaten to use efforts to cause John to withdraw his custom.

John's direct threat, therefore, is not pursuant to the conspiracy, and is not an overt act in execution of the alleged conspiracy, but remains his individual act, and is not subject to punishment under section 19 of the Criminal Code.

In the conspiracy to threaten "to use their efforts" the threatened efforts of the other defendants are to be made upon John, while John's threatened efforts are to be made upon himself.

The practice of preferring indictments for conspiracy in cases of completed offenses, where there are two or more participants, has become very extended; but care should be taken that the practice should not be unduly extended, nor the federal conspiracy statutes be stretched to enlarge federal jurisdiction so that it will cover individual acts of interference with state elections; for this is contrary to the policy of federal noninterference in state elections, which is so fully recognized by the Supreme Court in United States v. Gradwell et al., April 9, 1917, 243 U. S. 476, 37 Sup. Ct. 407, 61 L. Ed. 857.

Whether a mere general allegation of a threat of withdrawal of custom, without additional allegations to show that this custom was of

such pecuniary value as to make the threat a substantial menace, would amount to a charge of intimidation is doubtful. The doubt increases when the threat is merely of efforts to cause a withdrawal of custom or trade of an undefined value. There appears to be nothing in the indictment from which the legal inference can be drawn that substantial pressure or duress was to be exercised upon the mind of the voter, or that there was substantial menace in the proposed threats.

As was said in United States v. Cruickshank, 92 U. S. 542, 559, 23 L. Ed. 588:

"It must be made to appear—that is to say, appear from the indictment, without going further—that the acts charged will, if proved, support a conviction for the offense alleged."

The court is not enabled to say on reading this indictment that if the facts stated are true an offense has been committed by the defendants. The indictment, in my opinion, should allege a conspiracy to commit acts of intimidation or make threats sufficient in severity or apprehension to influence the mind of a person of ordinary firmness. See U. S. v. Huckabee, 16 Wall. 414, 432, 21 L. Ed. 457. A normal person "peremptorily ordered" would probably be no more influenced than by the peremptory orders found upon election posters, "Vote for A——."

An accusation of a criminal purpose must be stated positively; and nothing can be brought into the indictment by argument or other than necessary inference. It is not a necessary inference, nor a permissible inference, that a threat to use efforts to cause a withdrawal of custom would be regarded as raising an apprehension of an actual loss of custom of substantial value. The indictment cannot be aided by any facts not appearing upon the face of the indictment, nor can the overt acts be resorted to to aid the allegation of conspiracy.

Reference to the overt acts shows a threat of withdrawal of custom by the defendant John McCarthy, an offense not cognizable by federal courts. The attempt to define in the indictment a conspiracy under section 19 in which John is joined to others and others joined to John in a common purpose is, in my opinion, unsuccessful.

John's individual threat to use his efforts to cause himself being rejected as a pleader's fantasy, there remains only a conspiracy of the other defendants to threaten the voter with efforts to cause John to withdraw his custom.

As there are no allegations which give weight or value to either the efforts or the custom, or show any probability that the threats alleged would produce coercion, it does not appear that there was any conspiracy to intimidate or oppress a voter.

Demurrers sustained.